IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-22-172 M |
| | § | |
| SCOTT PROVOST | § | |
| | § | |
| | § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)  The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

      [ ]  a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

      [ ]  an offense for which the maximum sentence is life imprisonment or death.

      [ ]  an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

      [ ]  a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(c), or comparable state or local offenses.

  [ ] (2)  The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)  A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ x ] B.      Findings of Fact [18 U.S.C. § 3142(e)]

     [x ] (1)      There is probable cause to believe that the defendant has committed an offense

         [ ]      for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
                 ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a) ( ) 841(a)(1).

         [ ]      under 18 U.S.C. § 924(c).

         [x ] under 18 U.S.C. ( x ) § 2252A (a)(2)(B); (x ) § 2252A (b)(1); ( ) § 2256

     [x ] (2)      The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x] C.      Findings of Fact [18 U.S.C. § 3142(f)(2)]

     [ ] (1)

     [x] (2)    There is a serious risk that the defendant will flee.

     [ ] (3)

     [ ] (4)    There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x] D.      Findings of Fact [18 U.S.C. § 3142(c)]

     [ ] (1)    As a condition of release of the defendant, bond was set as follows:
           Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

     [ ] (2)

     [x] (3)    I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

     [ ] (4)

[x ] (5)     I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Scott Provost possessed and received child pornography.
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**

Scott Provost ("Provost") possessed and was in receipt of child pornography as described in the Criminal Complaint and Affidavit. Provost was advised of his right to an immediate federal detention hearing, including the right to present evidence, call witnesses, cross-examine the government's witnesses, proffer testimony, and assert reasons why he should not be detained by federal authorities, but elected to waive the right to said detention hearing.

For bail evaluation purposes, Provost's charges are considered a crime of violence. This is relevant to the danger he presents to children if free on bail. Under 18 U.S.C. § 3156(a)(4), a crime of violence includes "any felony under chapter ... 110." *Id*. at (c). A violation of § 2252A falls within Chapter 110, Sexual Exploitation and Other Abuse of Children. Also, under 18 U.S.C. § 3142(e)(3), a presumption arises that there is no condition or combination of conditions that will reasonably assure the appearance of Provost and that he is a danger to the community. Provost did not rebut either presumption at a  bail hearing but instead he waived the hearing.  The offense charged in the Criminal Compliant is a crime of violence under the Bail Reform Act. Provost's residence is unstable.  His employment is unstable.  He has been on Social Security Disability for mental health issues since 1986.  He has a history of mental health issues and reported to Pretrial Services that he is drinking coffee instead of taking prescribed medication.  His criminal history includes misdemeanor convictions for resisting arrest and disorderly conduct.  Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendant at all future court proceedings in this matter, and the safety of the community, the Court ORDERS that Defendant Scott Provost be DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 28th day of January 2022.


Frances H. Stacy
United States Magistrate Judge